1  LAW OFFICE OF MICHAEL E. LINDSEY
2  MICHAEL E. LINDSEY, State Bar No. 99044
   4455 Morena Blvd., Ste. 207
   San Diego, California 92117-4325
3  Tel: (858) 270-7000

4  ANDERSON LAW FIRM
   MARTIN W. ANDERSON, State Bar No. 178422
5  2070 North Tustin Avenue
   Santa Ana, California 92705
6  Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
   E-mail: martin@andersonlaw.net

7

8  Attorneys for Plaintiff Patrick Turner

9            UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

11                                    '08 CV 0620 BTM RBB

12  PATRICK TURNER,                   Case No.

13                                    **COMPLAINT**
                   Plaintiff,
14                                    **DEMAND FOR JURY TRIAL**

15  v.

16  SATURN CORPORATION,

17

18                 Defendant.

19

20      Plaintiff alleges as follows:

21                      **JURISDICTION**

22      1.    This Court has original jurisdiction over this matter pursuant to 28

    U.S.C. § 1332, because this is a civil action between citizens of different states and
23
    the amount in controversy exceeds $75,000.00.  Plaintiff is citizen of the state of
24
    California.  Defendant Saturn Corporation is a corporation that is organized and
25
    existing under the laws of the state of Delaware and having its principal place of
26
    business in the state of Michigan.
27

28

ORIGINAL

*[Court filing stamp: FILED, 08 APR -4 PM 4:25, CLERK, U.S. DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, DEPUTY]*

*[Left margin: ANDERSON LAW FIRM, 2070 NORTH TUSTIN AVENUE, SANTA ANA, CALIFORNIA 92705, TELEPHONE: (714) 516-2700]*

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**PARTIES**

2.    As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff Patrick Turner.

3.    As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

**FIRST CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**CAL. CIV. CODE § 1794**

4.    On or about June 14, 2003, Plaintiff purchased a 2003 Saturn VUE, VIN # 5GZCZ33D23S846219 (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendant.  The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $25,877.44.  The Vehicle was purchased primarily for personal, family, or household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

5.    In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

6.    During the warranty period, the Vehicle contained or developed defects which cause the vehicle to hesitate, lose power, and which cause the transmission to feel as if it is slipping.

COMPLAINT; DEMAND FOR JURY TRIAL

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

7.    Pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability.  The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

8.    The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements:  (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

9.    On or about June 14, 2003, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 6, above.  The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

10.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale.  By serving this Complaint, Plaintiff does so again.  Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price.  In addition, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects.  Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1    11.    Plaintiff has been damaged by Defendant's failure to comply with its

2    obligations under the implied warranty, and therefore brings this claim pursuant to

3    Civil Code § 1794.

### SECOND CLAIM FOR RELIEF

### BY PLAINTIFF AGAINST DEFENDANT

### BREACH OF THE IMPLIED WARRANTY OF FITNESS

### CAL. CIV. CODE § 1794

8    12.    Plaintiff incorporates by reference the allegations contained in

9    paragraphs 4 through 6 and paragraph 10, above.

10    13.    Defendant is a manufacturer, distributor, or seller who had reason to

11    know at the time of the retail sale that the Vehicle was required for a particular

12    purpose and that the Plaintiff was relying on the Defendant's skill or judgment to

13    select or furnish suitable goods.

14    14.    Pursuant to Civil Code § 1792.1, the sale of the Vehicle was

15    accompanied by Defendant's implied warranty that the Vehicle would be fit for

16    Plaintiff's particular purpose.  The duration of the implied warranty is coextensive

17    in duration with the duration of the express written warranty provided by

18    Defendant.

19    15.    On or about June 14, 2003, or during the time period in which the

20    implied warranty was in effect, the Vehicle contained or developed the defects

21    stated in paragraph 6, above.  The existence of each of these defects constitutes a

22    breach of the implied warranty because the Vehicle is not fit for Plaintiff's

23    particular purpose.

24    16.    Plaintiff has been damaged by Defendant's failure to comply with its

25    obligations under the implied warranty, and therefore brings this claim pursuant to

26    Civil Code § 1794.

27

28

- 4 -

**THIRD CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**BREACH OF EXPRESS WARRANTY**

**CAL. CIV. CODE § 1794**

17.    Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 10, above.

18.    In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

19.    Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to Civil Code § 1794.

20.    Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c).

**FOURTH CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**FAILURE TO PROMPTLY REPURCHASE PRODUCT**

**CAL. CIV. CODE § 1793.2(d)**

21.    Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6, above.

22.    Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a

- 5 -

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1   reasonable number of attempts.  Despite this fact, Defendant failed to promptly

2   replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§

3   1793.2(d) and 1793.1(a)(2).

4       23.    Plaintiff has been damaged by Defendant's failure to comply with its

5   obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore

6   brings this claim pursuant to § 1794.

7       24.    Defendant's failure to comply with its obligations under § 1793.2(d)

8   was willful, in that Defendant and its representative were aware that they were

9   unable to service or repair the Vehicle to conform to the applicable express

10  warranties after a reasonable number of repair attempts, yet Defendant failed and

11  refused to promptly replace the Vehicle or make restitution despite Plaintiff's

12  demand.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's

13  actual damages pursuant to § 1794(c).

14      25.    Defendant does not maintain a qualified third-party dispute resolution

15  process which substantially complies with § 1793.22.  Despite Defendant's

16  violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its

17  obligations within a reasonable time.  Accordingly, Plaintiff is entitled to a civil

18  penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e).

19      26.    Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and

20  (e) in the alternative and does not seek to cumulate civil penalties, as provided in §

21  1794(f).

22              **FIFTH CLAIM FOR RELIEF**

23          **BY PLAINTIFF AGAINST DEFENDANT**

24  **FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME**

25          **AND TO COMPLETE THEM WITHIN 30 DAYS**

26              **CAL. CIV. CODE § 1794**

27      27.    Plaintiff incorporates by reference the allegations contained in

28  paragraphs 4 through 6 and paragraph 10, above.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

28.    Although Plaintiff delivered the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b).  Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

29.    Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

30.    Defendant's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

## SIXTH CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## CONVERSION

31.    Plaintiff incorporates by reference the allegations contained in the Fourth Claim for Relief, above.

32.    Plaintiff is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification.  *Farmers Ins. Ex. v. Zerin*, 53 Cal.App.4th 445, 451-52 (1997).  Specifically, pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the Vehicle from Defendant.

33.    Instead of delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has wrongfully converted that money for its own use.

34.    As a result of Defendant's conversion, Plaintiff has suffered damages.

COMPLAINT; DEMAND FOR JURY TRIAL

35. Defendant's conduct was fraudulent, oppressive, and malicious, and thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code section 3294. Specifically, Defendant was aware of its obligation to make restitution to Plaintiff and intentionally failed to do so. In addition, Defendant falsely and intentionally misrepresented to Plaintiff that it was not obligated to make restitution. Furthermore, Defendant is aware that Plaintiff has little choice but to continue using the defective Vehicle, and Defendant intentionally refused to make restitution to Plaintiff with the intent of arguing that Plaintiff's continued use is a reason to deny restitution to Plaintiff.

## **PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $25,877.44.

2. For restitution to Plaintiff in the amount of $25,877.44.

3. On Plaintiff's Third Claim for Relief, for a civil penalty in the amount of $51,754.88, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e).

4. On Plaintiff's Fourth Claim for Relief, for a civil penalty in the amount of $51,754.88, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e).

5. On Plaintiff's Fifth Claim for Relief, for a civil penalty in the amount of $51,754.88, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e).

6. For any consequential and incidental damages.

7. For punitive damages in the amount of at least $100,000.

8. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code § 1794(d).

9. For prejudgment interest at the legal rate.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1    10.    And for such other relief as the Court may deem proper.

2    DATED:  March 25, 2008

3                                        ANDERSON LAW FIRM
                                         MARTIN W. ANDERSON
4                                        MICHAEL E. LINDSEY

5

6                                        By:_____
7                                             MARTIN W. ANDERSON
                                         Attorneys for Plaintiff Patrick Turner
8

9                      **<u>DEMAND FOR JURY TRIAL</u>**

10    Plaintiff hereby demands a jury trial on all causes of action asserted herein.

11    DATED:  March 25, 2008

12                                        ANDERSON LAW FIRM
                                         MARTIN W. ANDERSON
13                                        MICHAEL E. LINDSEY

14

15

16                                        By:_____
                                             MARTIN W. ANDERSON
17                                        Attorneys for Plaintiff Patrick Turner

18

19

20

21

22

23

24

25

26

27

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 9 -

COMPLAINT; DEMAND FOR JURY TRIAL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PATRICK TURNER

**(b)** County of Residence of First Listed Plaintiff   Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Anderson Law Firm, 2070 N. Tustin Ave., Santa Ana, CA 92705
Tel: (714) 516-2700

## DEFENDANTS
SATURN CORPORATION

*FILED*
08 APR -4  PM 4: 26
*US PLAINTIFF CASES ONLY*
SOUTHERN DISTRICT OF COURT

County of Residence of First Listed Defendant   _____   (not a U.S. Pltf case)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

*08 CV 0620 BTM RBB*   DEPUTY
BY:

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
        Plaintiff

☐ 2  U.S. Government
        Defendant

☐ 3  Federal Question
        (U.S. Government Not a Party)

☒ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        another district
        (specify)

☐ 6  Multidistrict
        Litigation

☐ 7  Appeal to District
        Judge from
        Magistrate
        Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Consumer Warranty Action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
127,632.32

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)       JUDGE _____       DOCKET NUMBER _____

DATE
03/25/2008

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_

## FOR OFFICE USE ONLY

RECEIPT #  N9429       AMOUNT  $350       APPLYING IFP ____       JUDGE ____       MAG. JUDGE ____

ORIGINAL   sr  4/4/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 149429    - SH

April 04, 2008
16:21:02

Civ Fil Non-Pris
USAO #.: 08CV0620
Judge..: BARRY T MOSKOWITZ            $350.00 CK
Amount.:
Check#.: BC1156

Total-> $350.00

FROM: TURNER V. STAURN CORP